[Cite as *Hernandez v. Vasquez*, 2026-Ohio-275.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MAYRA PEREZ HERNANDEZ | Case No. 2025 AP 060022 |
| Plaintiff - Appellant | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas, Juvenile Division, Case No. 2025 CC 00001 |
| BERTA ELIAS VASQUEZ, ET AL. | |
| | Judgment:   Affirmed |
| Defendant – Appellee | |
| | Date of Judgment Entry: January 29, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** KEVIN GARDNER, for Plaintiff-Appellant

*King, P.J.*

{¶ 1}   Plaintiff-Appellant Mayra Perez Hernandez appeals the June 10, 2025 judgment of the Tuscarawas County Court of Common Pleas Juvenile Division which denied appellant's Motion to Retain Jurisdiction Past the Age of Majority. We affirm the trial court.

Facts and Procedural History

{¶ 2}   M.G.M. was born April 2, 2007 in Guatemala. Her father, Emilio Rufino Mejia Ixchop is an alcoholic who was abusive to M.G.M., her mother, Berta Elias Vasquez, and her siblings. Father failed to protect 6-year-old M.G.M. from sexual assault by a neighbor, and then offered her to another man when M.G.M. was 12. Father then abandoned the family when M.G.M. was 14.

{¶ 3} Because women and children are unsafe and unprotected by law enforcement in their Guatemalan village, mother borrowed money to send M.G.M. to the United States to stay with a friend of mother's, appellant herein, Mayra Perez Hernandez. M.G.M. entered the United States as an unaccompanied minor on August 25, 2023. Hernandez took M.G.M. in and provided housing, clothing, food and education.

{¶ 4} On January 8, 2025, Hernandez filed a complaint for temporary custody of M.G.M. On January 9, 2025, the trial court authorized service on Father via newspaper publication once a week for six consecutive weeks.

{¶ 5} On March 25, 2025, appellant filed a report of their expert's psychological evaluation of M.G.M.

{¶ 6} On April 2, 2025, M.G.M. turned 18.

{¶ 7} On May 22, 2025, appellant filed a Motion to Retain Jurisdiction Past the Age of Majority. Attached to the motion was a letter from the principal of New Philadelphia High School indicating M.G.M. was enrolled at New Philadelphia High School and had a projected graduation date of May 2028.

{¶ 8} On June 10, 2025, the trial court denied the motion, dismissed the motion for temporary custody, and closed the case.

{¶ 9} Appellant filed an appeal and the matter is now before this court for consideration. She raises one assignment of error as follows:

I

{¶ 10} "THE TRIAL COURT ERRED TO THE CARETAKER'S PREJUDICE IN DENYING JURISDICTION OF THE CUSTODY COMPLAINT WHEN THE CHILD STILL HAS THREE YEARS OF HIGH SCHOOL LEFT TO COMPLETE."

{¶ 11} In her sole assignment of error, appellant argues the trial court erred in denying her motion to retain jurisdiction. We disagree.

{¶ 12} Generally, the juvenile court "shall retain jurisdiction over any child *for whom the court issues an order of disposition*" pursuant to R.C. 2151.353(A) until: (1) the child reaches the age of 18, (2) the child reaches the age of 21 if the child is developmentally disabled, or physically impaired, or (3) the child is adopted and a final decree of adoption is issued. R.C. 2151.353(F)(1), emphasis added. Relevant to this appeal, an exception to this general rule provides a juvenile court "may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414 or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school. " R.C. 2151.353(F)(1).

{¶ 13} While R.C. 2151.353(F)(1) does state a trial court may retain jurisdiction after the age of majority, it also requires that the court, at some point before the child attained the age of majority, had ordered a disposition finding the child abused, neglected, or dependent. There was no such order in this matter before M.G.M. turned 18 and therefore no order of disposition for the trial court to continue.

{¶ 14} In support of her argument, appellant cites our decision in *In re C.H.*, 2023-Ohio-4. That matter is distinguishable, however, as C.H. had been adjudicated a dependent child before the age of 18. *Id.* ¶ 2. Indeed, our holding in that matter read:

> We find R.C. 2151.353(F)(1) expressly states a trial court may retain jurisdiction and continue any order of disposition over a child adjudicated abused, neglected, or dependent after the child has

attained the age of eighteen years "for a specified period of time to enable the child to graduate from high school or vocation school."

{¶ 15} *Id.* ¶ 11.

{¶ 16} Here, the trial court lost jurisdiction to adjudicate M.G.M. neglected, abused, or dependent on April 2, 2025, more than a month before appellant's motion to retain jurisdiction. Accordingly, the sole assignment of error is overruled.

{¶ 17} For the reasons stated in our accompanying Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

{¶ 18} Costs to Appellant.

By: King, P.J.

Hoffman, J. and

Montgomery, J. concur.